# In the United States Court of Federal Claims

No. 24-1320C
(Filed: March 20, 2025)
**NOT FOR PUBLICATION**

```
*************************************
JERRY SOMERSET,                     *
                                    *
                Plaintiff,          *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
*************************************
```

## **OPINION AND ORDER**

Plaintiff Jerry Somerset, proceeding *pro se*, has filed a complaint in this Court for a variety of grievances related to his employment as a "federal undercover assistant of The United States Department Of Justice (FBI)." *See* Compl. at 1 (ECF 1).[1] The government has moved to dismiss under RCFC 12(b)(1) and in the alternative under RCFC 12(b)(6). Mot. to Dismiss at 1 (ECF 10). Mr. Somerset has responded. Am. Resp. (ECF 12). The motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x

---

[1] For the sake of simplicity, ECF pagination will be used when referring to the Complaint and Amended Response.

917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings"). In addition, to survive a motion to dismiss for failure to state a claim, plaintiffs must sufficiently "plead[] facts upon which a valid claim can rest." *El Bey v. United States*, 152 Fed. Cl. 777, 780 (2021) (quoting *Stroughter v. United States*, 89 Fed. Cl. 755, 760 (2009)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Several of Plaintiff's claims involve misconduct by state and federal courts and judges. *See* Compl. at 1, 3–6. This Court, though, cannot hear claims against defendants other than the United States, and it cannot review the decisions of other courts. *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Stewart v. United States*, 166 Fed. Cl. 723, 726 (2023), *appeal dismissed*, No. 2024-1304, 2024 WL 1549741 (Fed. Cir. Apr. 10, 2024) (citing *Innovair*, 632 F.3d at 1344) (explaining that this Court lacks the authority to "review allegations of misconduct by other courts."); *Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019) ("[T]he Claims Court is without jurisdiction to scrutinize the actions of another tribunal."). Relatedly, this Court "cannot receive petitions to the Supreme Court," *Arunachalam v. United States*, No. 16-358, 2020 WL 5412752 (Fed. Cl. Sept. 9, 2020), so if Mr. Somerset is requesting a "United States Supreme Court audience hearing," Compl. at 1, that too must be dismissed.

Some of Mr. Somerset's claims are assigned by law to other courts and administrative bodies. *See* Compl. at 1, 4–7. These too must be dismissed for lack of jurisdiction. *See Ho v. United States*, 49 Fed. Cl. 96, 106 (2001), *aff'd*, 30 F. App'x 964 (Fed. Cir. 2002) (citing *Worthington v. United States*, 168 F.3d 24, 26–27 (Fed. Cir. 1999), and *United States v. Fausto*, 484 U.S. 439, 446, 454 (1988)) (Whistle Blower Protection Act of 1989); *Maclin v. United States*, 121 Fed. Cl. 66, 68 (2015) (citing 42 U.S.C. § 12133 and *McCauley v. United States*, 152 F.3d 948 (Fed. Cir. 1998)) (Americans with Disabilities Act); *Kicinski v. United States*, 172 Fed. Cl. 620, 625 (2024) (citing *Watts v. United States*, 17 Cl. Ct. 290, 293 (1989)) (Social Security); *Burmaster v. United States*, 744 F. App'x 699, 702 n.1 (Fed. Cir. 2018) (Racketeer Influenced and Corrupt Organizations Act). Others are based on laws that do not create any private rights, and which therefore cannot serve as the basis of claims in any court. *Frazier v. United States*, 683 F. App'x 938, 940 (Fed. Cir. 2017) (Health Insurance Portability and Accountability Act).

This Court generally hears claims for money premised on (1) laws or constitutional provisions that require the United States to pay money to the plaintiff, or (2) on contracts between the plaintiff and the United States. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)). Laws sounding in tort or the criminal code are excluded, *Trevino v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014), and thus Mr. Somerset's claims related to terrorism, racketeering, "abuse and conspiracy," medical malpractice, "physical injury cover-up," "mental pain and suffering," loss of business opportunity, tortious interference with contractual relations, mail fraud, and similar theories must be dismissed. Compl. at 1, 3–7.

For similar reasons, Mr. Somerset's constitutional claims premised on the Due Process Clauses of the Fifth and Fourteenth Amendments and on the Equal Protection Clause of the Fourteenth Amendment are outside this Court's jurisdiction because those provisions "do not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (1980)); *Rojas-Vega v. United States*, 782 F. App'x 994, 996 (Fed. Cir. 2019); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). The same is true of Mr. Somerset's claim based on the Declaration of Independence. Compl. at 5; *see Canuto v. United States*, 673 F. App'x 982, 985 (Fed. Cir. 2016).

To the extent that any claims might be within this Court's jurisdiction, such as Mr. Somerset's contract claims, they fail for lack of factual pleading.[2] Mr. Somerset references both "a government and personal business contract" as well as an "implied contract agreement" with the FBI, Compl. at 4–5, which appear to both have been about an alleged agreement to provide transportation services for a government witness, Am. Resp. at 1–2, but Mr. Somerset has not pleaded the elements of a valid contract — either express or implied.

> Like an express contract, an implied-in-fact contract requires: (1) mutuality of intent to contract; (2) consideration; and [] (3) lack of ambiguity in offer and acceptance. When the United States is a party, a fourth requirement is added: The government representative whose conduct is relied upon must have actual authority to bind the government in contract.

---

[2] Mr. Somerset may have intended to allege the existence of a contract between himself and the City of East Orange, New Jersey. *See* Compl. at 1. However, as explained above, this Court only has jurisdiction over claims against Federal actors, not states, municipalities, or local government entities. *Laferney v. United States*, No. 19-1836C, 2020 WL 211474, *3 (Fed. Cl. Jan. 14, 2020). Accordingly, such a claim also fails for lack of jurisdiction.

*Jaye v. United States*, 781 F. App'x 994, 997 (Fed. Cir. 2019) (quotes omitted) (quoting *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998)). Mr. Somerset's allusions to one or multiple contracts for compensation that were broken, presumably by Defendant's agents, *see* Compl. at 1, 4–5; Am. Resp. at 1, do not allege sufficient facts indicating formation of a contract. *See Iqbal*, 556 U.S. at 678. Thus, these claims must be dismissed for failure to state a claim.

## CONCLUSION

Defendant's Motion to Dismiss (ECF 10) is **GRANTED**. If Mr. Somerset wishes to plead additional facts in support of the legal theories within this Court's jurisdiction, he may move for leave to file an amended complaint — in a single filing that includes all necessary attachments — no later than **April 21, 2025**.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge