# In the United States Court of Federal Claims

No. 24-1320C
(Filed: June 25, 2025)
**NOT FOR PUBLICATION**

```
***************************************
JERRY SOMERSET,                         *
                                        *
                    Plaintiff,          *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                    Defendant.          *
                                        *
***************************************
```

## ORDER

On March 20, 2025, this Court granted the government's motion to dismiss. *See* Order (ECF 13). Most of Plaintiff's claims were dismissed for lack of jurisdiction. His claim for breach of contract was dismissed for failure to plead "sufficient facts indicating formation of a contract." *Id.* at 4. This Court offered Plaintiff an opportunity to "plead additional facts in support of the legal theories within this Court's jurisdiction," and stated that Plaintiff "may move for leave to file an amended complaint — in a single filing that includes all necessary attachments — no later than April 21, 2025." *Id.*

Plaintiff submitted two documents in response. In a letter dated April 8, 2025, and received on April 15, Plaintiff repeated his claim that he provided transportation services to the United States in connection with a federal criminal prosecution. He asserted that revealing details would compromise his safety and the safety of others, and he referred this Court to a New Jersey state court for details. In a letter dated April 14 and received on April 21, he submitted a news article about a "factually related" prosecution. The two letters shall be **FILED BY MY LEAVE**.

The two letters do not satisfy the terms of the March 20 order. Even giving Plaintiff every possible benefit of the doubt as a *pro se* litigant, the documents are not the same as an amended complaint or a motion for leave to file.

Besides that problem, the documents also do not provide the factual detail necessary to support Plaintiff's claim for breach of contract. As explained in the March 20 order, a claim for breach of an implied contract with the government requires "(1) mutuality of intent to contract; (2) consideration; … (3) lack of ambiguity in offer and acceptance[;] [and] [4] [t]he government representative whose conduct is

relied upon must have actual authority to bind the government in contract." *Jaye v. United States*, 781 F. App'x 994, 997 (Fed. Cir. 2019) (quotes omitted) (quoting *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998)); *see* Order at 3–4. Plaintiff has still not provided any facts that could prove those elements. In particular, Plaintiff's submissions do not give the Court enough information to infer that anyone with actual authority to bind the United States reached a mutual, unambiguous agreement with Plaintiff for him to provide paid services. Plaintiff has therefore failed to "plead[] facts upon which a valid claim can rest." *El Bey v. United States*, 152 Fed. Cl. 777, 780 (2021) (quoting *Stroughter v. United States*, 89 Fed. Cl. 755, 760 (2009)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To the extent the letters request any relief, it is **DENIED**. The case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge